(No. 20001.—■

ANNA C. JOHNSON, Plaintiff in Error, *vs.* CHARLES G. NEL-
SON, Defendant in Error.

*Opinion filed October 25, 1930.*

R. C. RICE, and MARSH, LEWIS & THOMPSON, for plain-
tiff in error.

BERGLAND & CURTIS, and WOOLSEY, STICKNEY & LU-
CAS, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Anna C. Johnson filed in the county court of Knox
county a petition for the issuance of a citation under sec-
tion 81 of the act in regard to the administration of estates
requiring Charles G. Nelson to appear before the court for
examination concerning a sum of money which, it was al-

leged, he had in his possession, but which belonged to the estate of Adolph F. Nelson, deceased. The respondent answered the petition denying that he had in his possession any money or other property of the decedent's estate. Upon a hearing, the county court dismissed the petition. The petitioner prosecuted an appeal to the circuit court, and a jury in that court returned a verdict assessing the estate's damages at $8026.67. Judgment was rendered on the verdict in favor of the estate and against the respondent for the sum mentioned with costs. The respondent prosecuted an appeal to the Appellate Court for the Second District and that court reversed the judgment of the circuit court without remanding the cause. Upon the application of Anna C. Johnson, the original petitioner, this court awarded a writ of *certiorari* for a further review of the record.

Adolph F. Nelson, a farmer, in Knox county, acquired, through many years of industry, considerable real and personal property. About the year 1910 he retired and moved to the village of Altona, in the same county, where his wife died in 1917. After his retirement, he materially reduced his estate by the gifts of money and conveyances of land to his two children, Anna C. Johnson, the plaintiff in error, and Charles G. Nelson, the defendant in error. He died intestate on August 23, 1927, at the age of eighty-eight, and his two children are his only heirs-at-law. John A. Johnson was appointed the administrator of his estate by the county court of Knox county.

For many years prior to his death, Adolph F. Nelson was a depositor in the State Bank of Altona. On January 5, 1926, Gilbert Larson, the president of the bank, in obedience to a request made earlier in the day by the defendant in error, called upon the elder Nelson at his home a short distance from the bank. The defendant in error was not present. After a general conversation, Nelson, the father, said: "Charley," referring to his son, "needs some money and I guess I had better let him have it." The

father then inquired about the condition of his account at the bank. When Larson told him that he had in excess of $7000 in his savings account, he directed Larson to transfer that sum to his son's credit. A savings account order or receipt for $7000 was signed by the father and the transfer to the son was made. The next day the latter borrowed additional money from the bank and shortly thereafter disbursed substantially all of the money to his credit by drawing checks upon his account. The father never told Larson or any other person that he expected a note for, or interest on, the money transferred, and he never demanded or received such a note or interest.

The plaintiff in error contends, not that the identical money transferred by the elder Nelson to his son, the defendant in error, on January 5, 1926, belongs to the deceased father's estate or can be recovered in specie by the summary proceeding under section 81 of the act in regard to the administration of estates, but that the transfer of the money constituted a loan to the son for the amount of which the latter became indebted to the father; that since this indebtedness remained unpaid at the time of the father's death, it became a part of the assets of his estate and is recoverable with interest in the present proceeding. Upon this theory the circuit court proceeded and rendered its judgment. The defendant in error, on the contrary, insists that the evidence shows his father made a gift of the money to him and that, even if the evidence fails affirmatively to establish a gift, an unexplained transfer of money by a parent to a child is presumed to be a gift and not a loan. The Appellate Court found as an ultimate fact, and incorporated the finding in its judgment, that the transfer of the money constituted a valid and completed gift and that the circuit court should have directed a verdict for the defendant in error.

The question of jurisdiction, although not raised by either party, presents itself at the threshold of our inquiry

and necessarily demands our consideration. Prior to July 1, 1925, sections 81 and 82 of the act in regard to the administration of estates (Cahill's Stat. 1923, p. 86; Smith's Stat. 1923, p. 17), read as follows:

"Sec. 81. If any executor or administrator, or other person interested in any estate, shall state upon oath, to any county court, that he believes that any person has in possession, or has concealed or embezzled, any goods, chattels, moneys or effects, books of account, papers or any evidences of debt whatever, or titles to lands belonging to any deceased person; or that he believes that any person has any knowledge or information of or concerning any indebtedness or evidences of indebtedness, or property titles or effects, belonging to any deceased person, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the executor or administrator, of which the executor or administrator is ignorant, and that such person refuses to give to the executor or administrator such knowledge or information, the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require.

"Sec. 82. If such person refuses to answer such proper interrogatories as may be propounded to him, or refuses to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein."

These sections provided a summary method for the recovery of property of the character defined in section 81, which belonged to a decedent at the time of his death, but had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled. (*Dinsmoor* v. *Bressler*, 164

Ill. 211). In a case where the decedent's ownership of the property in his lifetime was not disputed, the court might order the respondent, by the authority of sections 81 and 82, to deliver the property, or if he had converted it, the proceeds or value of the property, to the executor or administrator. If, however, the respondent claimed to be the owner of the property sought to be recovered, these sections could not be invoked against him, because he had the constitutional right to a jury trial for the determination of the question of the title to the property, and these sections made no provision for such a trial. Nor were these sections designed to afford the means of collecting a debt owing to the decedent at the time of his death. The title to the goods sold or the money lent, in such a case, had passed to the debtor or borrower, and sections 81 and 82 were not available to obtain satisfaction of the debt or claim. To accomplish that end, the personal representative was compelled to institute in a court of competent jurisdiction, a plenary action wherein the defendant had the right to a trial by jury. *Martin* v. *Martin,* 170 Ill. 18; *Sullivan* v. *Arcola State Bank,* 314 id. 40.

Sections 81 and 82 of the act in regard to the administration of estates were amended by an act approved June 30, 1925, and effective July 1, 1925. (Laws of 1925, pp. 1, 2; Cahill's Stat. 1929, p. 62; Smith's Stat. 1929, p. 92). The amendatory act made additions to both sections. The additions to section 81 by interpolation are: (1) The statement upon oath by which the proceeding is instituted may be made to the probate court as well as the county court; (2) the respondent's possession or control as distinguished from his possession merely, and his conversion as well as concealment or embezzlement of the property sought may be the subject of inquiry, and (3) the property for the recovery of which the proceeding may be brought and the knowledge or information desired may concern property belonging not only to "any deceased per-

son" but also "to the executor or administrator or the estate of any deceased person." The following provisions, which conclude section 81, were added by the amendatory act: "The court shall have power to hear, settle and adjudge all controverted questions of title and claims of adverse title and to determine the right of property. Such questions of title and of rights of property, and such claims of adverse title shall be determined, upon the demand of either party, by a trial by jury."

No change was made in section 82, except that the amendatory act added the following provisions: "and if such order is for the delivery of such property or effects the court may enforce such order by execution against the real and personal property of the person thus ordered. With respect to property and effects concerning which there is raised a question of title, or of the right of property, or claim of adverse title, the court shall (upon trial by jury as provided in the preceding section, if such trial is demanded) enter a judgment according to the right of the matter and enforce the same by execution against the real and personal property of the person against whom such judgment is rendered, or the court may enforce its judgment and order in the premises by proceedings in contempt against any of the parties to said proceedings."

The amendments to section 81 enlarged its provisions to include property belonging to "the executor or administrator or the estate of any deceased person" and conferred upon the court the power to determine, upon a trial by jury if demanded by either party, questions of title and rights of property. Notwithstanding these additions, the purpose of the section as amended, apart from the recovery of books of account, papers or instruments of title, and the obtaining of information, is to recover possession of specific property, or if converted, its proceeds or value. Section 81, as now in effect, contemplates that the testate

or intestate, at the time of his death, held or at least claimed, and that the executor of his will or the administrator of his estate, since his death, either in succession or initially, holds or claims, the title to the property of which possession is sought.

The power to determine questions of title and rights of property and to enforce by execution orders adjudicating titles or requiring the delivery of property, added to sections 81 and 82 by the amendatory act, does not include jurisdiction of the ordinary action for the recovery of money the title to which is in the debtor. Where the relation of debtor and creditor arises for money lent, the debtor owns the money and is indebted to the creditor for it, and consequently the debtor has no money belonging to the creditor, or to the latter's estate, in his possession. To enforce collection of the indebtedness in such a case, by the rendition of a personal judgment against the debtor, was not within the scope of sections 81 and 82 prior to July 1, 1925, and no such power was conferred by the amendatory act, either expressly or by implication.

In the present case, the money was delivered to the defendant in error by the transfer to his credit in the bank and the title to the money vested in him. There is no contention by either party that the father continued to own the money after the transfer was made. Whether the transaction resulted in a loan, as the plaintiff in error argues, or constituted a gift, as the defendant in error insists, is for the present purpose immaterial, for in either situation, no question of title or of the recovery of specific property belonging to the estate is involved. Upon the view of the plaintiff in error that a loan was made, for which with interest, the defendant in error is indebted to the estate, the relation of debtor and creditor merely was created and the summmary proceeding provided by section 81 is not available. Obviously no opinion is expressed upon the merits

of this case, but if the defendant in error is indebted to his father's estate, the remedy is an action at law.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court with directions to dismiss the petition for the want of jurisdiction.

*Reversed and remanded, with directions.*