In re Estate of Anna Strickland, Deceased.
Frank Dawdy, Administrator, Appellee, v. Hal
Strickland and Granite City Trust and Savings
Bank, Defendants. Hal Strickland, Appellant.

Gen. No. 9,267.

Opinion filed February 25, 1941.

Jos. C. Steele, of Granite City, for appellant; J. F. Eeck, of Edwardsville, of counsel.

Clement L. Smith, of Carrollton, and Beal B. Smith, of White Hall, for appellee.

Mr. Presiding Justice Fulton delivered the opinion of the court.

Anna Strickland, a resident of Greene county, Illinois, died intestate on March 20, 1939. On June 27, 1939, Frank Dawdy was appointed administrator of her estate, in the county court of said county. On August 19, 1939, the appellee, Frank Dawdy, as such administrator, filed in the said county court, his affidavit, alleging he had been informed that the appellant, Hal Strickland, son of the decedent, had in his possession certain assets belonging to the estate of Anna Strickland, deceased. The Granite City Trust & Savings Bank was also made a defendant to the petition and charged with having possession of certain bonds belonging to Anna Strickland. The petitioner prayed that a citation issue against said Hal Strickland and Granite City Trust & Savings Bank, each to appear and be examined touching said cause. The citation was issued and served on each of the respondents.

The petition for citation was heard in the county court on September 12, 1939, and taken under advisement by the court. On September 23, 1939, the cause came on for final determination and the prayer of the petition denied. An appeal was taken and the matter heard in the circuit court, where petitioner made a written demand that respondents turn over to him as such administrator $3,500 par value of Washington Theatre bonds, or cash in lieu thereof. On March 19, 1940, the case was tried before a jury and a verdict returned finding "the issues in favor of the petitioner Frank Dawdy, Administrator, etc., and assessed petitioner's damages at the sum of $3,500.00." Motions made by appellant at the close of petitioner's evidence and at the close of all of the evidence for an instructed verdict were denied. During the trial, on motion of appellee, the petition was dismissed as to Granite City Trust & Savings Bank.

The court thereafter entered judgment on said verdict in favor of Frank Dawdy, administrator, and against the appellant, Hal Strickland, for the sum of $3,500 and costs. It is this judgment of which the appellant, Hal Strickland complains on this appeal.

The facts giving rise to this controversy are that Anna Strickland during her lifetime and particularly from 1928 to 1935, owned certain bonds issued by Washington Theatre Company, amounting to $3,500, and that she left them with R. C. Barney, a cashier of Granite City Trust & Savings Bank for safekeeping. He testified that the bank acted as trustee for the bonds which were redeemed October 15, 1937. Whenever the bonds were presented after that date they were paid off in full. He further testified that about the 1st of July, 1935, Hal Strickland was authorized by Anna Strickland to take charge of those bonds at the bank and that they were all turned over at one time to Hal Strickland on a letter from Mrs. Strickland. He was not able to find the letter but recalled definitely that it was brought to him.

The appellant, Hal Strickland, testified that in June, 1935, he was living in Granite City and that in October he went to work in Fleishman's store; that his mother had $3,500 invested in Washington Theatre bonds; that his mother turned over all of the bonds to him on June 7, 1935, and he used them to buy an interest in the store; that at the time of transfer he took shares of stock in his own name; that his mother gave him the bonds and wanted him to have them; that she said she was giving him the bonds because at one time there was $6,000 of his money deposited in the bank in his father's and mother's name; that he had to enter suit for recovery of same but the suit was settled for $3,000, and she wanted to right a wrong done him. He further testified that his mother conveyed some real estate to his sister Pauline and that was another reason why she wanted him to have the bonds. The

appellant and Pauline were the only children of Anna Strickland.

As against the testimony of appellant, Amy Hazelwood, a sister of Anna Strickland, testified that during December, 1935, Mrs. Strickland visited in the Hazelwood home in Granite City, remaining there until April, 1936; that in her presence and that of her daughter and son, the appellant had a conversation with his mother concerning use of the Theatre bonds, in which appellant asked permission of his mother to use the bonds; that Hal told his mother he would lose his job if he didn't put money into the store; that his mother told him he could use the bonds; that appellant afterwards on several occasions told her he was paying his mother $245 per year or 7 per cent interest on the bonds.

Margaret Hazelwood, daughter of the last witness, testified to the same conversation and substantially corroborated her mother's evidence.

The appellant maintains that the verdict is against the manifest weight of the evidence and that under no construction of the testimony could the appellee be entitled to a money judgment for damages against the appellant.

As to the weight of the evidence the testimony was directly in conflict, on the questions of fact and it was peculiarly the province of the jury to determine those questions. There was sufficient competent evidence in the record to sustain the verdict found by the jury, and it should not be disturbed.

The other question raised by appellant deserves serious consideration. He contends that in order to recover damages such as were assessed by the judgment of the circuit court, it would be necessary to bring a plenary action at law. The action in this case was brought upon a petition for citation under the authority provided by sections 81 and 82, of the Administration Act as amended in 1925, and in full force

and effect in August 1939, when the action was commenced in the county court of Greene county.

"Section 81 of the Administration of Estates Act provides the method and procedure of bringing before the Court persons who are alleged to have in their possession property belonging to the estate of a deceased person or to their legal representatives, and provides that the Court make such order in the premises as the case may require, and that the Court shall have power to hear, settle and adjudge all controverted questions of title and claims of adverse title and to determine the right of property, and further provides that such questions of title and of rights of property, and such claims of adverse title shall be determined, upon the demand of either party, by a trial by jury.

"Section 82 of the same Act provides that if such person refuses to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, the court may, upon proper requisition being made for that purpose, commit such person to jail until he shall comply with the order of the court therein, and that if the order is for the delivery of such property or effect the court may enforce such order by execution against the real and personal property of the person thus ordered. And, said Section further provides that "With respect to property and effects concerning which there is raised a question of title, or the right of property, or claim of adverse title, the court shall (upon trial by jury as provided in the preceding section, if such trial is demanded) enter a judgment according to the right of the matter and enforce the same by execution against the real and personal property of the person against whom such judgment is rendered, or the court may enforce its judgment and order in the premises by proceedings in contempt against any of the parties to said proceedings."

Appellant relies chiefly upon the case of *Johnson v. Nelson,* 341 Ill. 119. In that case the court held that the question whether an intestate, who gave money to his son, made a loan or an outright gift cannot be determined by a citation proceeding under sections 81 and 82 of the Administration Act, as the title to the money in either case passed to the son and no question of title is open for determination under the Amendatory Act of 1925, and if the transaction was a loan the remedy for collection of the debt is an action at law. The court said, "To enforce collection of the indebtedness in such a case, by the rendition of a personal judgment against the debtor, was not within the scope of sections 81 and 82 prior to July 1, 1925, and no such power was conferred by the amendatory act, either expressly or by implication." But that case also held in commenting on section 81 that "the purpose of the section as amended, apart from the recovery of books of account, papers or instruments of title, and the obtaining of information, is to recover possession of specific property, or if converted, its proceeds or value."

It is quite plain in this case that the appellant claimed adverse title to the property sought to be recovered by the appellee. We believe that because the transaction inquired into in this proceeding related to bonds and the title thereto, it is easily distinguishable from the facts in *Johnson v. Nelson, supra,* where the controversy was over money, and it was not claimed that petitioner in that case would be entitled to a return of the identical money which was loaned. While we do not believe the remedy given by sections 81 and 82 is applicable to the collection of a debt, we do think it contains power to determine questions of title and rights of property, and to enforce compliance with the same. This procedure seems to have been approved in the case of *Wilson v. Prochnow,* 284 Ill. App. 369, where the decree of the circuit court

finding that the petitioner have execution for said money judgment as upon a judgment at common law against the real and personal property of the respondent, Prochnow, was quoted with approval by that court. In that case there was a finding or money judgment awarded petitioner in the decree in the sum of $30,282.61, because of securities embezzled or converted.

The appellant further suggests that there is no evidence of the value of said bonds in the record upon which a money judgment could be based, but the testimony of the cashier of the bank, R. C. Barney, that the bonds were redeemed and paid off in October of 1937, is sufficient basis for the value found in the verdict of the jury.

The judgment of the circuit court of Greene county was fully warranted by the record in this case and is affirmed.

*Affirmed.*