In the Matter of the Conservatorship of Lloyd H. Baker, an Incompetent.
The John Warner Bank, a Corporation, Conservator of the Estate of Lloyd H. Baker, an Incompetent, Petitioner-Appellant, v. Claud Kellerhals, Respondent-Appellee.

Gen. No. 11,088.

Fourth District.

December 8, 1969.

Herrick, Rudasill & Moss, of Clinton (Ray Moss, of counsel), for appellant.

Summers, Watson & Kimpel, of Champaign, for appellee.

TRAPP, P. J.

The petitioner, The John Warner Bank, Conservator of the estate of Lloyd H. Baker, an incompetent, appeals from an order of the Circuit Court denying its petition for an order on respondent, Claud Kellerhals, which would compel him to return property of the incompetent, or if converted to pay the value thereof in the amount of $32,189.13. The court quashed the citation and denied a post-trial motion.

■■ Petitioner contends that the trial court should have found that a fiduciary relationship existed between the incompetent and Kellerhals. The petition was founded upon chapter 3, §§ 183–185, Ill Rev Stats 1965. It is held that such sections do not authorize proceedings for the collection of a debt. Dawdy v. Strickland, 378 Ill 230 at 234, 37 NE2d 817; Johnson v. Nelson, 341 Ill 119, 173 NE 77. Such citation proceeding may be used, however, if a fiduciary relationship exists. In re Estate of Willich, 338 Ill App 289, 87 NE2d 327; In re Estate of LaRue, 53 Ill App2d 467, 203 NE2d 47.

An order in a previous citation proceeding was reversed for the reason that such petition was framed as a petition for discovery only. In re Conservatorship of Baker, 79 Ill App2d 234, 223 NE2d 744.

The conservator was appointed pursuant to a petition on August 13, 1964. This second petition for citation alleges Kellerhals obtained money from Baker in several transactions between March, 1960, and September, 1961.

It appears that Lloyd H. Baker in March of 1960 had a bank balance of $17,295.99. He was then 70 years old. Between March 22 and August 9 of 1960, Mr. Baker, in three checks, paid a total of $16,500 to respondent Kellerhals. In September of 1961 Baker cashed $15,000 of H Bonds and paid $10,500 to Kellerhals in two checks. In October of 1961 Baker cashed $5,000 of H Bonds. In March and July of 1961 Baker paid Kellerhals $5,090 in two checks. Respondent Kellerhals admits receiving this total of $32,090.

Petitioner admits that Kellerhals repaid Baker $11,500 in five payments as follows:

| | |
|---|---|
| February 5, 1963 | $6,000 |
| March 12, 1963 | 4,000 |
| October 7, 1963 | 500 |
| April 6, 1964 | 500 |
| June 8, 1964 | 500 |

Respondent, Kellerhals, states that the payments to him were loans, that a note was given for each payment, that all have been repaid, and that the notes have been destroyed. Respondent exhibited a receipt and checks in the total amount of $36,070. The receipt in the sum of $3,805 equalled the total of check payments alleged to have been made to that date. The eight checks to that date were simply checks to cash. One $500 payment was evidenced by a check stub only. One additional check for $1,000 was to cash. One check,

payable to Baker, in the amount of $710, and fourteen checks in the total amount of $16,750 made out to cash, but also endorsed by Baker, were pronounced forged endorsements by a handwriting expert. The handwriting expert also pronounced the receipt a forgery.

All of the payments which were admitted, were deposited in Baker's bank account. None of the payments which were pronounced forged endorsements are represented by a deposit in the Baker bank account.

The testimony of the handwriting expert to the effect that the questioned endorsements were not made by Lloyd H. Baker, and the demonstrative photographic evidence supplied by him are convincing.

Respondent Kellerhals testified that he agreed to pay interest at 6 percent per annum, but none of the alleged payments appears to have any correlation to the usual interest payment. Respondent obtained one $1,500 note and one $4,000 note from Baker, but no evidence of the disbursement of these sums was presented.

Petitioner contends that Lloyd H. Baker was persuaded to part with the money for the purpose of having respondent make loans for Baker to certain farmers at 7 percent interest, and that, thus, respondent was Baker's agent. Petitioner produced some exhibits in Baker's handwriting giving the names of five persons, definite dates and definite amounts of purported loans. Petitioner also produced one exhibit which appeared to be in respondent's handwriting containing the same names, dates and amounts. Also, the figure 7 appeared below these names. Respondent was asked if he wrote the list which appeared to be in his handwriting. His answers were, at best, extremely evasive.

Lloyd H. Baker was called as a witness. On cross-examination he did admit that the alleged forged signatures were his, that notes had been given for all the loans and that the loans had been repaid. He also re-

tracted the statement about the endorsements and said they were either his signature, or his signature had been traced. He also said he did not sign that many receipts. He said respondent had given him a strong box with a key, that the notes given him for the money were kept in the strong box, and that the strong box was kept in Kellerhals' office. He was almost 80 years old at the time of the trial, had difficulty with his vision, and had difficulty in understanding the questions. A reading of his testimony shows that an examiner or cross-examiner could lead him.

Neither in this hearing, nor in the record of the previous cause before this court, was there any evidence of the competency of Lloyd H. Baker at the time the money was disbursed in 1960 and 1961. There was no testimony concerning an agency. There was no testimony that respondent was to lend to farmers for Baker, or to have the notes made to Baker, or to keep securities for Baker or deliver them to him. Certain repayments were made as in the ordinary course of a loan from Baker to Kellerhals.

The trial court found that there was no evidence of a fiduciary relationship, and that all of the other evidence simply went to the question of repayment. Since the trial court found it was without jurisdiction under the petition to try an ordinary case of debt collection, the order was simply to dismiss the citation.

■ ■ A petition to recover property under sections 183–185 of chapter 3, Ill Rev Stats assumes title to property to be in the ward or decedent. It is held that title to money passes where the transaction is a loan. Johnson v. Nelson, 341 Ill 119, 173 NE 77. The trial court was correct in holding that in the absence of any evidence that respondent was to manage property for Lloyd H. Baker instead of simply borrowing from him, and in the absence of evidence that respondent took advantage of Lloyd H. Baker at the time of obtaining the money,

and in the absence of any evidence of prior dealings, he could not find an agency or a fiduciary relationship.

The trial court made no finding on the issue of forgery of the alleged endorsements on the alleged repayments. Even if he found that the endorsements were not genuine, it would not give him jurisdiction to enter judgment for a balance due in this proceeding under the decisions hereinbefore referred to.

It is contended that the court erred in refusing to permit examination of respondent as to whether he had represented to Lloyd H. Baker that respondent was making loans to third parties with money of William T. Baker, the brother of Lloyd H. Baker. Without detail as to whether respondent was acting as a broker or in some other capacity than simply borrowing from William T. Baker, the evidence would have no tendency to prove whether the Lloyd H. Baker arrangement was an agency or a debtor-creditor relationship.

Complaint is also made that testimony of respondent in reference to his previous testimony regarding a list of names of persons to whom loans had been, or would be made, was not taken as an admission. We have previously referred to this testimony as evasive. It was impeaching, but it was not an admission.

The judgment of the Circuit Court is not a judgment on the merits of the account between the parties, but simply a judgment quashing the citation for want of evidence of a fiduciary relationship.

The judgment of the Circuit Court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.