*In re* ESTATE OF DONALD L. STUFFING, Deceased (Daniel Voorhis *et al.*, as Adm'rs *de bonis non* of the Estate of Donald L. Stuffing, Deceased, Petitioners-Appellants, v. Alfred M. Wooleyhan *et al.*, Respondents-Appellees).—*In re* ESTATE OF LESLIE E. STUFFING, Deceased (Daniel Voorhis *et al.*, as Adm'rs *de bonis non* of the Estate of Leslie E. Stuffing, Petitioners-Appellants, v. Alfred M. Wooleyhan *et al.*, Respondents-Appellees).

Fourth District   Nos. 4—90—0756, 4—90—0763 cons.

Opinion filed May 23, 1991.

March & McMillan, P.C., of Macomb (Jeff W. DeJoode, of counsel), for appellants.

R.P. O'Connell, of Richard P. O'Connell, Ltd., of Quincy, for appellees.

JUSTICE GREEN delivered the opinion of the court:

Petitioners Daniel Voorhis and Roger Voorhis, on behalf of the estates of Leslie E. Stuffing and Donald L. Stuffing, appeal an order of

the circuit court of Adams County entered October 1, 1990, dismissing their petitions for citations against respondents Alfred M. Wooleyhan and John C. Wooleyhan, former attorneys for both estates. Petitioners contend they are entitled to issuance of citations against respondents under section 16—1 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1989, ch. 110½, par. 16—1) to discover and recover assets in the form of excessive attorney fees belonging to the estates. We reverse and remand.

Section 16—1 of the Act, in pertinent part, provides:

"(a) Upon the filing of a petition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) *to have concealed, converted or embezzled or to have in his possession or control any personal property*, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought.

\* \* \*

(d) The court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110½, pars. 16—1(a), (d).

The petitions for citations on behalf of both estates were filed on June 27, 1990, and were later consolidated. The petitions alleged (1) petitioners are the co-administrators *de bonis non* and the personal representatives of both estates; (2) petitioners believe respondents have "taken, converted or have in their possession or control certain property, described as" excessive attorney fees belonging to the estates; (3) excessive attorney fees were paid to respondents by the former executor of each estate without the filing and approval of the claim by the probate court; (4) these assets should be returned to the estates because they were acquired through "undue influence, abuse of fiduciary and confidential relationship, [and] were excessive pay-

ment for work actually performed"; and (5) petitioners believe respondents "have knowledge or information concerning the property belonging to the [d]ecedent herein, or to the [e]state of the [d]ecedent and which they withheld from petitioners."

Additionally, the petition on behalf of the estate of Leslie E. Stuffing alleged $30,000 of excessive attorney fees were paid to respondents by Donald L. Stuffing while serving as the executor of that estate. The petition on behalf of the estate of Donald L. Stuffing alleged $16,000 of excessive attorney fees were paid to respondents by the Illinois State Bank of Quincy while serving as executor of that estate. Both petitions further alleged a fiduciary and confidential relationship existed between the above-mentioned former executors and respondents when respondents were paid the alleged excessive attorney fees.

In the prayer for relief, both petitions requested respondents (1) be cited to appear before the court to answer questions regarding the "property in their hands"; (2) be ordered to return such property if the court finds it to belong to the estates; (3) be cited to answer questions regarding any information withheld by respondents and needed to recover the property; (4) be required to account to the petitioners for all attorney fees acquired in "excess of reasonable compensation for work actually performed, or through breach of fiduciary relationship and undue influence"; and (5) pay costs and attorney fees.

The record indicates the following events led to the filing of the petitions for citations against respondents. On May 10, 1983, the Illinois State Bank of Quincy was appointed administrator *de bonis non* with the will annexed for the estate of Leslie E. Stuffing due to the death of the executor, Donald L. Stuffing. A final account and report was filed by Illinois State Bank of Quincy on October 3, 1984, prior to its resignation. Apparently, all attorney fees paid to respondents for their legal work on the estate of Leslie E. Stuffing were paid by Donald L. Stuffing as executor, since the final account did not list any disbursement of attorney fees. The final account and report was approved October 3, 1984. At that time, petitioners were appointed coadministrators *de bonis non* with the will annexed for the estate of Leslie E. Stuffing. Petitioners filed an objection to attorney fees in the probate court on December 20, 1984.

Pursuant to the will of Donald L. Stuffing, the Illinois State Bank of Quincy was appointed as executor of his estate following his death. On June 28, 1985, the Illinois State Bank of Quincy resigned as executor and petitioners were appointed coadministrators *de bonis non* with the will annexed of the estate of Donald L. Stuffing. On July 17, 1985, the Illinois State Bank of Quincy filed its final account and re-

port listing as a disbursement in 1983 approximately $16,000 in attorney fees paid to respondents. On August 6, 1985, petitioners filed an objection to attorney fees. The record does not indicate the final account and report of the Illinois State Bank of Quincy was ever approved.

Furthermore, there is no indication from the record that petitioners' objections to attorney fees were ever heard by the court. Apparently, a series of recusals and continuances delayed the hearing. Prior to filing the petitions for citations, petitioners, on January 16, 1985, filed a request for production of documents, requesting respondents to produce all agreements made with the former personal representative of both estates regarding attorney fees for legal services for the estates. Petitioners also requested all of respondents' time records regarding legal services rendered to the estates. In addition, petitioners requested to take respondents' depositions on January 24, 1986, and February 21, 1986. There is no indication in the record whether respondents complied with petitioners' requests. On January 27, 1986, petitioners filed a request for respondents to file affidavits stating their production of documents, if any, was complete.

Then on August 14, 1989, petitioners filed a motion to compel compliance for production of documents, alleging the documents previously requested had not been produced by respondents. Following a hearing, the circuit court entered an order on September 5, 1989, denying petitioners' motion to compel. On June 27, 1990, petitioners filed the petitions for citations against respondents.

Petitioners recognize section 16—1 of the Act is not the only method of discovering and recovering assets allegedly belonging to an estate. Nevertheless, petitioners contend that based on the inherent difficulty in obtaining information about the assets of a decedent, section 16—1 of the Act provides the most expeditious process for discovering alleged estate assets. This is particularly significant under circumstances where they have been denied the usual discovery procedure. Moreover, petitioners argue, under these circumstances, the recovery of assets in the form of excessive attorney fees is proper under a citation proceeding because respondents are alleged to have obtained wrongful possession not only by charging excessive fees, but also by exerting undue influence and breaching a fiduciary duty owed to the executors who paid them.

Conversely, respondents claim the petitions against them fail to set forth sufficient facts to establish they have "concealed, converted or embezzled or *** have in [their] possession or control any personal property" belonging to either estate as required in section 16—1 of

the Act. In addition, respondents argue petitioners are attempting to use a citation proceeding to recover a debt owed, if at all, to the estate, which is clearly improper.

The parties refer to two Illinois decisions which have addressed the issue of whether attorney fees charged to an estate can be challenged in a citation proceeding. Respondents rely on the decision in *In re Estate of Lundmark* (1963), 42 Ill. App. 2d 80, 191 N.E.2d 657, where the appellate court affirmed the order of the probate court striking and dismissing a petition brought pursuant to section 183 of the Act (Ill. Rev. Stat. 1961, ch. 3, par. 183 (a predecessor to section 16—1 of the Act)). That petition alleged that, without prior approval of the court, excessive and unreasonable fees were paid to those respondents, the former attorney and conservator of the estate. Petitioner requested that a rule be entered requiring respondents to account for the fees and return any of the fees the court deemed improper.

The appellate court noted the uniqueness of that petitioner's attempted use of a citation, and then held there was no language in the statute from which it can be inferred such proceedings were intended to be used to challenge excessive attorney fees paid by an estate. The court also noted the petition failed to request the issuance of a citation.

■ Section 16—1(a) of the Act specifically provides that a citation proceeding may only be brought against one who is believed to have "concealed, converted or embezzled or *** [has] *** possession or control" of assets belonging to an estate. These terms are accorded their ordinary legal definitions and all the elements of the alleged wrongful act must be proved at the citation proceeding for the petitioner to be entitled to relief. (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259.) Here, the petitions alleged respondents have "taken, converted or have in their possession or control certain property." The petitions also indicate respondents obtained possession of alleged estate assets by charging excessive fees in addition to exerting undue influence and breach of fiduciary duty.

■ As respondents correctly point out, the petitions allege a number of legal conclusions. However, "[a]n allegation that certain property belonging to the estate is in the possession of the respondent, coupled with a prayer for a proper order by the court, has been found to be a sufficient basis for the trial court's jurisdiction." (*In re Estate of DeKoekkoek* (1979), 76 Ill. App. 3d 549, 552, 395 N.E.2d 113, 116.) Here, any improperly obtained fees, while in the hands of the attorneys, would be assets belonging to the estate within the

meaning of section 16—1(a) of the Act, and the disposition of those funds would constitute a conversion within the meaning of that statutory provision.

Petitioners rely on the decision in *DeKoekkoek*, where a petition was filed under section 16—1 of the Act alleging that the respondent, former attorney for the decedent, charged her excessive attorney fees and unlawfully discounted a certificate of deposit. Following the citation proceeding, a judgment was entered against the respondent ordering him to refund attorney fees and the amount of the note's improper discount on the certificate of deposit. The appellate court held the allegations and request for relief contained in the petition could properly be maintained in a citation proceeding, but reversed because the evidence did not support the trial court's findings against the respondent.

The court distinguished *Lundmark*, because there that petition alleged only that the attorney fees were excessive, and requested for a rule to issue, not for issuance of a citation. In comparison, the petition in *DeKoekkoek* contained additional allegations as to the ownership of the money, as well as the proper prayer for relief, as required in section 16—1 of the Act.

We recognize that, in *DeKoekkoek*, the additional allegation that respondent wrongfully discounted a certificate of deposit belonging to the estate concerns a kind of personal property, which is more certainly that which can be discovered and returned to the estate under section 16—1 of the Act, than the additional allegations in the instant case. Here, the petitions alleged respondents wrongfully obtained assets of the estate through undue influence and breach of fiduciary duty, in addition to charging excessive attorney fees. Furthermore, petitioners have attempted to discover information regarding the fees paid to respondents through the usual discovery process. Apparently they have had little success. Under these circumstances, if the petitions for citations are denied, petitioners will have no way of gaining information they need to recover the alleged estate assets. Clearly, a purpose of section 16—1 of the Act is to provide a means of obtaining information from respondents needed to recover estate assets. Accordingly, we find the instant case to be closer to *DeKoekkoek* than *Lundmark*.

Notably, the *Lundmark* decision was made when the probate court existed as a separate system, prior to the unification of the court system in 1964. That court's limited ability to handle complicated cases may have had some bearing on its decision. This is no longer a problem, and the expeditious and summary proceedings pro-

vided in section 16—1 of the Act are preferred in cases concerning estate assets.

■ Last, respondents argue petitioners are essentially asking that respondents be made judgment debtors to the estate for the amount of excessive attorney fees. In *Johnson v. Nelson* (1930), 341 Ill. 119, 173 N.E. 77, the supreme court held section 81 of the Probate Act, regarding a citation proceeding at that time, cannot be used to collect a debt owed to the estate. In *Johnson*, there was no question as to who held title to the alleged estate property, only whether it was a loan owing to the estate or a gift to that respondent. The court found that when a debtor-creditor relationship exists a citation proceeding is unavailable.

Similarly, in *In re Estate of Pinckard* (1980), 94 Ill. App. 3d 34, 417 N.E.2d 1360, the appellate court reversed the circuit court's order for respondents, the partners of the estate's deceased former attorney, to return assets in the form of excessive attorney fees belonging to the estate. The appellate court deemed a citation proceeding could not be used, there, to recover a debt and impose liability upon third parties for another's conversion of assets under the theory of apparent partnership. Unlike the instant case, prior to the citation proceeding, a judgment against the respondents had been entered following a hearing on the petitioner's objection to attorney fees.

The instant case can be distinguished from *Johnson* and *Pinckard*, because neither a debtor-creditor relationship nor a judgment against respondents existed prior to the petitions for citations. Under the circumstances in those cases, a citation proceeding would be unnecessary because there would be no need to discover information or determine ownership of alleged assets. Here, ownership of the alleged estate assets has yet to be decided; accordingly, we find this case not to be analogous to an attempted collection of a debt.

For the above-stated reasons, we reverse the circuit court's order dismissing the petitions for a citation under section 16—1 and remand.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.