In the Matter of the Estate of Delia A. Curley, Deceased.
Murial Van Horn, Phillis Platt, and Elizabeth Keenan, Petitioners-Appellees, v. Henry E. Perry, et al., Respondents.
On Appeal of Henry E. Perry, Respondent-Appellant.

Gen. No. 48,887.

First District, Second Division.

October 1, 1963.

Arthur Abraham, of Chicago, for respondent-appellant.

Peebles, Greenberg & Keele, of Chicago (William J. Lunn, Halbert O. Crews and Francis A. Heroux, of counsel), for petitioners-appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

Henry E. Perry, respondent, appeals from an order of the Probate Court of Cook County, dismissing for want of jurisdiction his counterclaim to petitioners' citation to discover information respecting assets alleged to have belonged to the deceased, Delia A. Curley.

On March 9, 1962, petitioners filed in the Probate Court of Cook County a petition for a citation against respondent Henry E. Perry. This petition, filed pursuant to section 183 of the Probate Act (Ill Rev Stats 1961, c 3), was limited to a request for the discovery of information only, and sought no substantive relief from the Probate Court. It appears from the record that during her lifetime the deceased transferred large sums of money and securities to respondent and also named him as executor and sole beneficiary of her will.

On March 26, 1962, petitioners brought suit in the Circuit Court of Cook County, seeking to set aside both

the will and all inter vivos transfers from decedent to respondent, on the grounds that they had been secured through fraud and the undue influence of respondent over the deceased. Thereafter, on March 30, 1962, respondent filed in the Probate Court a counterclaim to petitioners' original petition for discovery of information. In this counterclaim he sought from the Probate Court a determination that there had been no fraud or undue influence in the making of the inter vivos transfers from the deceased, and that respondent was therefore the rightful owner of all of said property.

On petitioners' motion the Probate Court discharged all the respondents, including several banks that had been made respondents, and dismissed the executor's counterclaim for want of jurisdiction. He appeals, alleging that upon the filing of the discovery petition in the Probate Court that court alone had jurisdiction to hear the issues subsequently raised in his counter- claim, notwithstanding the fact that petitioners' suit in the Circuit Court was filed prior to respondent's counterclaim in the Probate Court.

██ We cannot accept the contention that the filing of a discovery petition in the Probate Court deprived the Circuit Court of its concurrent jurisdiction to ad- judicate the validity of the inter vivos transfers of property by decedent. Respondent's contention ignores the restricted character of the discovery procedure in the Probate Court. Kahn, in *What Every Lawyer Should Know About . . . Discovery and Recovery Ci- tations in the Probate Court,* 44 Ill BJ 202 (1955– 56), differentiates as follows between the alternative citation procedures available under section 183 of the Probate Act (pp 203–204) :

"An examination of Section 183 of the Probate Act shows that it consists of two disjunctive por- tions. The first being numbered (1) relates to recovering the decedent's personal property, books

of account, papers or evidences of debt or title to lands in possession or control of the respondent. The second portion which is numbered (2) is an alternative provision, and relates to obtaining *information* or knowledge withheld by the respondent from the estate and needed by the estate for the recovery of any property by suit or otherwise.

"It is now settled that a citation restricted to the discovery of information only as to a decedent's property can be brought in the Probate Court. The proceeding then becomes nothing more than a judicial inquiry, and a dismissal of a restricted discovery citation would not be an adjudication of anything. . . ."

In Keshner v. Keshner, 376 Ill 354, 359–360, 33 NE2d 877 (1941), the court said that probate citation proceedings "may be merely for the purpose of obtaining information with no adversary aspects. . . ." In Schwaan v. Schwaan, 320 Ill App 287, 50 NE2d 861 (1943), the court stated (pp 289–290): "In a proceeding merely for discovery there can be no adjudication for the reason that there is no issue to be tried on which a formal and final judgment may be determined and entered." In discussing the Keshner opinion and the case of Hire v. Hrudicka, 379 Ill 201, 40 NE2d 63 (1942), the court in the Schwaan case said (pp 291–292):

". . . in neither of these cases nor any other case construing this statute that has been called to our attention has it been held that a party who uses the statute for the purpose of discovery has cast upon it the duty of making up and trying out the issue with reference to the matter in controversy, in such a way as to cause a final determination of it to be made. To do so would make its use as a means of discovery, for which it is primarily intended, precarious indeed. . . ."

██ In our opinion, it would do violence to the intended purpose of the discovery citation procedures of section 183 of the Probate Act to hold that the institution of such proceedings alone, unaccompanied by any request for an adjudication, has the effect of confining the potential claimant to an adjudication by the Probate Court to the exclusion of all other courts of concurrent jurisdiction. Accordingly we hold that the discovery proceedings in the Probate Court did not give that court exclusive jurisdiction to try the issues subsequently raised by the parties.

██ ██ The first attempt to adjudicate the merits of the present controversy was petitioners' suit filed in the Circuit Court, respondent's counterclaim in the Probate Court having been filed after the institution of proceedings in the Circuit Court. It is well settled that when two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, the court first lawfully obtaining jurisdiction retains it until the end of the controversy to the exclusion of all other courts. Nolan v. Barnes, 268 Ill 515, 520–521, 109 NE 316 (1915); Haas v. Righeimer, 220 Ill 193, 196, 77 NE 69 (1906). When the Circuit Court assumed jurisdiction of the matter, it made the exercise of the Probate Court's concurrent jurisdiction improper. People ex rel. Kagy v. Seidel, 22 Ill App2d 316, 160 NE2d 681 (1959).

The Probate Court, "having heard testimony on said petition seeking discovery only" and having concluded the hearing, discharged all the respondents, and for want of jurisdiction dismissed the counterpetition filed by the executor. For the reasons indicated we hold that the Probate Court acted properly, and accordingly its order is affirmed.

Order affirmed.

BURKE, PJ and BRYANT, J, concur.