In the Matter of the Conservatorship of Lloyd H. Baker, an Incompetent.

The John Warner Bank, a Corporation, Conservator of the Estate of Lloyd H. Baker, an Incompetent, Petitioner-Appellee, v. Claud Kellerhals, Respondent-Appellant.

**Gen. No. 10,792.**

Fourth District.

February 9, 1967.

Summers, Watson & Kimpel, of Champaign, for appellant.

Herrick, Rudasill & Moss, of Clinton, for The John Warner Bank, Conservator of the Estate of Lloyd H. Baker, an Incompetent, appellee.

TRAPP, J.

Respondent appeals from an order of the Circuit Court entered at the conclusion of citation proceedings under chap 3, § 183 et seq. (Ill Rev Stats, 1965), requiring him to deliver to the Clerk of the Circuit Court for the use of the conservator of Lloyd H. Baker, incompetent, the sum of $30,156.33.

Respondent urges, substantially as set forth in his post-trial motion, that the citation was issued pursuant to a petition limiting the court's authority to the discovery of information so that it was without jurisdiction to (1) adjudicate a controversy and enter into a formal judgment, (2) enforce collection of a debt, (3) conduct hearings and make finding of fact with reference to indebtedness and related matters, (4) deprive respondent of his right to a jury trial, and (5) enter a formal order or judgment in the absence of pleadings seeking such relief.

The order of the court included findings that the respondent had established a fiduciary relationship with the incompetent, Lloyd Baker; that there was no debtor-creditor relationship existing between the parties, and that the balance of funds named in the order had been converted by the respondent and unlawfully held from the conservator. For purposes of clarity, it is noted that at the time respondent and Baker engaged in the transactions relating to the money, Baker was not an incompetent person, some three years intervening between the transactions and the appointment of the conservator.

The petition stated that the conservator had been unable to discover the exact nature of the investments made by the ward with the respondent, or to discover how much respondent is indebted to the estate of the ward, and the prayer of the petition is as in the language of the citation as follows:

". . . then and there to answer such interrogatories as may be propounded to him concerning his business transactions with Lloyd H. Baker during the past ten years, and to produce, at such time and place for the examination of this Court, such papers, documents, records, cancelled checks, notes, receipts and every other thing, of any kind and character, relative to his transactions with Lloyd H. Baker during the past ten years now in his possession."

Pursuant to such citation, respondent appeared and answered questions propounded in behalf of the conservator on some three days of hearings held throughout a period of several months. Upon his being assured by counsel and the court that there were no more questions on discovery and that he would not be held in contempt upon the citation, respondent and his counsel left the court and were not present while the hearings continued with certain testimony given by the incompetent, the conservator, and others.

236

This record requires analysis of the statute concerned and the procedures thereunder. Art XV of the Probate Act, chap 3, § 183 et seq. (Ill Rev Stats, 1965) entitled "Citation To Recover Property and Discover Information" includes § 183 providing for a verified petition under which the court shall order a citation directed to any person:

> ". . . whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property, . . . which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator, guardian, or conservator or (2) to have information or knowledge withheld by the respondent from the . . . or conservator and needed by the . . . or conservator for the recovery of any property by suit or otherwise. . . ."

Section 184 designates the persons entitled to file such a citation and includes the language:

> ". . . In addition to the prayer for the issuance of the citation the petition shall contain papers for the relief sought by the petitioner as in other cases."

Section 185 of the Act provides:

> "At the hearing the court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title, and the right of property, and may enter such orders and judgment as the case requires. . . ."

The section continues to authorize the enforcement of the court's order if the respondent refuses to answer proper

questions put to him, or refuses to obey an order relating to property or other matters provided.

In this case the prayer of the petition was in the language of the citation heretofore noted, and included language:

> "That such order or orders may be entered by the court, and such action taken by the court, pursuant to Chap 3, Art (sic) 183 and following . . . as may be in the best interests of the estate of Lloyd H. Baker, an incompetent."

Section 186 provides that upon demand of a party to the proceeding, questions of title and rights of property shall be determined by a jury.

The record shows that at the hearings, the court did not proceed to examine as provided in section 185, but rather counsel for the conservator made extensive inquiry as to the details of the transactions. The record suggests that the court did not follow the statutory procedure of examination of the respondent under oath for the reason that, in fact, no matters relating to title or claim of property were alleged or cited in the petition. Respondent's answers to the queries made were substantially that he had borrowed the money from Baker. We repeatedly find from the record, that when respondent's counsel made objection to the line of inquiry, counsel for the conservator would reply that the proceedings were to discover the nature of the transaction. Upon three or more occasions, the court, at the time of such objections, referred to the proceedings in terms of getting information, and upon several occasions remarked upon the difficulty in determining whether the questions related to obtaining information, or to the prosecuting of a suit. Consistently, upon respondent's objection, the court overruled objections because the proceedings were on discovery. Notwithstanding such circumstances, how-

ever, the respondent was repeatedly admonished that any time he wanted a jury he should ask for it. As petitioner's counsel concluded the discovery interrogatories, he stated in open court that the petitioner was going to present further witnesses and that respondent could bring witnesses and produce such evidence as he wished. He further stated that after the hearing was concluded on all of petitioner's evidence, the court would determine whether a debtor-creditor relation existed, and that he would ask the court to enter judgment as justified. At this point the respondent and his counsel departed the court after being assured that there were no more questions on discovery, and that he would not be held in contempt upon the citation. The proceedings continued with the petitioner calling several witnesses, including the incompetent. It may be noted that whilst the court finds a fiduciary relationship existed, there was no interrogatory made, nor any colloquy spoken in court relating to such an issue while the respondent was present at the proceedings.

█ It is the law in Illinois that where title or right of property is to be determined during such citation proceeding, it is error to deny a jury trial. Keshner v. Keshner, 376 Ill 354, 33 NE2d 877; Hansen v. Swartz, 345 Ill 609, 178 NE 246. The statute expressly provides for it.

█ It seems obvious that where an order determining rights and property, or claims of title, are to be determined, orderly procedure requires that the right to a jury should be ascertainable at the commencement of the proceeding, for such a right is properly available only when issues are ascertained. It is proper for a respondent to answer the matters alleged in the petition. Schwaan v. Schwaan, 320 Ill App 287, 50 NE2d 861. In In re Jarmuth's Estate, 329 Ill App 619, 70 NE2d 336, the citation directed the respondent to answer the verified petition.

■ We have found no cases wherein a citation limited to discovery, has been developed into a determination of claims to property. In fact, the authorities provide that where the petition is for discovery only, there can be no adjudication of title or of claim, for there are no issues on which to enter judgment. Schwaan v. Schwaan, 320 Ill App 287, 50 NE2d 861. In In re Estate of Curley, 43 Ill App2d 389, 193 NE2d 607, it is said that where a petition for citation is for discovery alone in the probate court, the circuit court is not deprived of jurisdiction to determine the validity of a transfer as there is no adjudication to be made in the probate court.

In Keshner v. Keshner, 376 Ill 354, 33 NE2d 877, there is some discussion of the nature of the statutory proceedings. Amongst other things, the court noted concerning the statute:

> "It bears the equitable aspects of a bill of discovery, while at the same time providing for an optional jury as at law on demand of the parties, where questions arise concerning claims of adverse title or interest, and this provision is valid . . . . The proceeding may be merely for the purpose of obtaining information with no adversary aspects, or it may develop into an out and out suit for the recovery of money."

The court continues to say:

> "Neither the executor nor the creditor would necessarily have been proceeding for the recovery of a money judgment or even of specific property, although either of these results might have occurred. It might have been merely a fishing expedition for the discovery of evidence, or evidence of title, or for the names of witnesses, or for any proper information necessary . . . in the recovery of assets of the estate, . . . ."

In Schwaan v. Schwaan, 320 Ill App 287, 50 NE2d 861, the court notes that no cases had been called to its attention where it has:

> ". . . been held that a party who uses the statute for the purpose of discovery has cast upon it the duty of making up and trying out the issue with reference to the matter in controversy, in such a way as to cause a final determination of it to be made. To do so would make its use as a means of discovery, for which it is primarily intended, precarious indeed."

Such principle is equally applicable to the respondent so far as the raising of issues is concerned.

■ It has been held that an order in such citation proceedings beyond the issues raised in the petition is a nullity. Moser v. Feciura, 324 Ill App 552, 58 NE2d 920. In In re Estate of Carlin, 5 Ill App2d 241, 125 NE2d 649, the petitioner asked to recover bank accounts and a check payable to the decedent. Respondent answered and upon motions the trial court dismissed the petition for citation, but ordered the petitioner to endorse a check to the respondent. The Appellate Court reversed and remanded, holding that the respondent had filed no pleading in which affirmative relief was requested, and that there was "no justification" for the order to endorse the check.

■ While the authorities cited refer to proceedings for citation in the probate court, the establishment of a single circuit court, pursuant to the Judicial Article, does not alter the right to a jury trial as to matters alleged in petition, so that issues are formed for the jury's consideration.

■ We conclude that where a verified petition under the provisions of the statute, chap 3, § 183 (Ill Rev Stats,

241

1965), is only directed to the discovery of information or knowledge withheld by the respondent, as distinguished from the discovery of property or assets of an estate, the procedures provided in chap 3, § 185 (Ill Rev Stats, 1965) do not apply, and that the jurisdiction of the trial court is not invoked by such petition.

In behalf of the conservator it is argued that the petition did, in fact, pray that the court enter such orders as may be in the best interests of the estate, but we must conclude that under this petition such orders are necessarily limited to the discovery of information upon interrogatories put to such respondent.

In In re Estate of Rackliffe, 366 Ill 22, 7 NE2d 754, the court ordered an individual subpoenaed as a witness to turn over certain property. The Supreme Court said:

"The probate court was without jurisdiction of the person of appellant and it matters not that it may be shown, on proper legal procedure, by which due process of law is exercised, that the bonds in question belonged to the estate of the incompetent. Short-cut court proceedings cannot be substituted for the provisions of a special statute where the rights and liberty of a citizen are involved."

By reason of these conclusions, we are not called upon to consider the brief and arguments submitted upon issues of the existence of a debtor-creditor relationship as opposed to that of a fiduciary.

While there is no order discharging the respondent upon the citation for the discovery of information, the record clearly discloses that neither the petitioner, nor the court, had further questions to ask, and respondent was assured that he was not in contempt of court upon the citation as of the time he ceased to participate in the proceedings.

It appearing that the respondent had no further responsibilities pursuant to such citation, the order of the trial court is reversed.

Reversed.

CRAVEN, P. J. and SMITH, J., concur.