Vincent Radice, Administrator With Will Annexed of the Estate of Chancey Radice, Deceased, Plaintiff-Appellant, v. Jessie Antonacci, Defendant-Appellee.

Gen. No. 67–48.

Second District.

November 7, 1967.

Leonard Karlin, of Chicago, for appellant.

Rafael A. Del Campo, of Chicago, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The plaintiff-appellant appeals from a judgment order of the Circuit Court of DuPage County entered on

September 22, 1966, that dismissed his complaint with prejudice and a subsequent order dated January 20, 1967, that overruled his motion for reconsideration and affirmed the prior order.

The plaintiff is the surviving spouse of Chancey Radice, deceased, and the Administrator of her estate with Will Annexed. His complaint alleged that Chancey Radice had during her lifetime surreptitiously transferred various assets owned by the parties jointly into joint accounts with her sister, Jessie Antonacci. The complaint further charged that Chancey had also executed a will that left all her property to her sisters or their children as part of her general scheme to completely disinherit her husband in violation of the laws of descent and of public policy. Finally, the complaint alleged that the assets were transferred to Jessie Antonacci not as her own property but as trustee to effectuate Chancey's design to circumvent the law of inheritance and asked the court to impose a constructive trust on those assets for the benefit of the estate.

The plaintiff had previously brought his verified petition for a citation on Jessie Antonacci, as respondent, in the probate proceeding pending before the Probate Division of the Circuit Court of DuPage County pursuant to section 183 of the Probate Act. (Ill Rev Stats, c 3, 1965.) A hearing on that petition was apparently held and, on July 27, 1966, the presiding judge of the Probate Division advised the respective counsel by letter of his "determination" that the plaintiff had no interest in various accounts held by Jessie Antonacci as the surviving joint tenant of Chancey Radice. The complaint to establish the trust was filed after receipt of that letter but apparently prior to the entry of any formal order in the probate proceeding.

The defendant filed a special and limited appearance, in the nature of a motion to strike, in the new suit and

demanded a dismissal of the complaint on the grounds that the Probate Division had already considered the matter and rendered its decision. The trial court dismissed the complaint and stated as follows:

> "It is my opinion that subsequent to 1964, with the Probate Court being an arm of the Circuit Court, the Judge in the Probate Court being a circuit judge sitting in the Probate Division, his orders are final and binding orders, that the parties have had their day in Court, that his orders are res adjudicata as to the ownership of the properties in question."

Section 183 of the Probate Act provides as follows:

> "Citation.
> "Upon the filing of a verified petition therefor, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property, books of account, papers, or evidence of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator, guardian, or conservator or (2) to have information or knowledge withheld by the respondent from the executor, administrator, guardian, or conservator and needed by the executor, administrator, guardian, or conservator for the recovery of any property by suit or otherwise. The citation shall be served not less than 10 days before the return day designated therein and shall be served and returned in the manner provided for summons in civil cases."

██ ██ The court could, even prior to the Judicial Amendment of 1964, "determine all questions of title,

142

claims of adverse title and the right of property . . ." pursuant to section 185 (Ill Rev Stats, c 3, § 185, 1965). In re Estate of Baumgarth, 23 Ill App2d 319, 163 NE2d 201 (1959); Schwaan v. Schwaan, 320 Ill App 287, 50 NE2d 861 (1943). Prior to the amendment, a probate court had no chancery jurisdiction and was therefore limited to the determination of legal title in a citation proceeding. In re Estate of Peters, 34 Ill2d 536, 540, 217 NE2d 3; In re Hauser's Estate, 40 Ill App2d 150, 189 NE2d 370.

██ The court could not however, adjudicate property rights unless its jurisdiction was properly invoked. Schwaan v. Schwaan, ibid. A petition brought under subsection (2) of section 183, as quoted above, that sought only "information or knowledge withheld by the respondent . . ." was not an adversary proceeding and did not present a real issue to be adjudicated. In re Estate of Curley, 43 Ill App2d 389, 392, 193 NE2d 607; Keshner v. Keshner, 376 Ill 354, 359, 33 NE2d 877.

Since the court in the citation proceeding would not have the power to make a final determination of rights of property if the petition was restricted to the discovery of information, there would be no reason why a separate action could not be instituted in the circuit court. In the case of In re Estate of Curley, ibid., the court at page 393, held:

> "In our opinion, it would do violence to the intended purpose of the discovery citation procedures of section 183 of the Probate Act to hold that the institution of such proceedings alone, unaccompanied by any request for an adjudication, has the effect of confining the potential claimant to an adjudication by the Probate Court to the exclusion of all other courts of concurrent jurisdiction. Accordingly, we hold that the discovery proceedings in the Probate

Court did not give that court exclusive jurisdiction to try the issues subsequently raised by the parties."

The respondent, In re Conservatorship of Baker, 79 Ill App2d 234, 223 NE2d 744 (1967) appealed from an order of the trial court, entered at the conclusion of a citation proceeding, that entered judgment against him in the amount of $30,156.33. The Appellate Court reversed the trial court for the reason that it did not have jurisdiction to adjudicate rights of property since the verified petition under section 183 was directed only to the discovery of information or knowledge withheld by the respondent. The court, on page 240, stated:

> "We have found no cases wherein a citation limited to discovery, has been developed into a determination of claims to property. In fact, the authorities provide that where the petition is for discovery only, there can be no adjudication of title or of claim, for there are no issues on which to enter judgment . . ."

It is true that, since the establishment of a single circuit court in 1964, the probate division of the circuit court would have chancery jurisdiction and could entertain a suit for a constructive trust. However, it is still necessary that jurisdiction of the court to adjudicate rights of property under a Section 183 petition be properly invoked by the issues raised in the pleadings. In re Conservatorship of Baker, ibid.; In re Estate of Carlin, 5 Ill App2d 241, 125 NE2d 649; In re Estate of Garrett, 81 Ill App2d 141, 149, 224 NE2d 655.

There is nothing in the record before us to indicate that the issue of ownership was properly before the court in the citation proceeding for discovery and we can only conclude that the dismissal of the adversary suit to impose a constructive trust in the circuit court was im-

proper and must be reversed and remanded for further proceedings.

Reversed and remanded.

DAVIS, P. J., concurs.

MORAN, J., dissenting:
I am reluctant to concur in the above opinion because the appellant failed to comply with Rule 342 of the Supreme Court. I believe the litigants in a court of review are entitled to a considered opinion based upon all relevant materials contained in the record on appeal as disclosed by the excerpts of record or abstracts.
It should not be the duty of each reviewing judge to search the single record to obtain this result. Therefore, I conclude that the appeal in this case should be dismissed.