(No. 40560.—

THE PEOPLE *ex rel.* Richard Dahm *et al.,* Petitioners, *vs.*
JAMES M. CORCORAN, Judge, Respondent.

*Opinion filed January 19, 1968.—Rehearing denied March 26, 1968.*

WARD, J., took no part.

JACOB SHAMBERG, of Chicago, for petitioners.

JOHN J. STAMOS, State's Attorney, of Chicago, (ED-
WARD J. HLADIS, Chief of Civil Division, and RONALD
BUTLER, Assistant State's Attorneys, of counsel,) for re-
spondents.

JOHN J. YOWELL and G. KENT YOWELL, of Chicago,
(YOWELL AND CESSNA, of counsel,) for *amici curiae.*

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

By their original petition for a writ of *mandamus* or
prohibition, the petitioners, Richard Dahm and Harold L.
Feigenholtz, challenge the jurisdiction of the respondent,

the Honorable James M. Corcoran, an associate judge of the circuit court of Cook County sitting in the Probate Division of that court, to hear a petition which seeks discovery and an accounting from the petitioners, individually, and as trustees under the last will and testament of Kathryn M. Breault. We allowed leave to file the petition. The respondent has answered, and the petitioners have filed a reply to that answer.

This case is one phase of litigation that has been conducted in many courts. *In re Estate of Breault,* (1963) 29 Ill.2d 165; *Breault* v. *Feigenholtz,* (N.D. Ill. 1965) 250 F. Supp. 551; *In re Estate of Breault,* (1965) 63 Ill. App. 2d 246; *Breault* v. *Feigenholtz,* (7th cir. 1966) 358 F.2d 39.

The present issue is a narrow one. By her will, Kathryn M. Breault, who died August 3, 1952, bequeathed the bulk of her estate to the petitioners as trustees for the benefit of her son, Oscar J. Breault, during his lifetime. The will also gave her son a general testamentary power of appointment over the assets of the trust. At the time of her death the testatrix was the owner of all of the 1,000 shares of common stock in Brolite Company, Inc., the family business. The petitioners subsequently became directors and officers of the corporation, and when Kathryn Breault's estate was closed, title to the stock passed to them as trustees.

Kathryn's son, Oscar J. Breault, died on July 16, 1959. His will left all of the property "belonging to me at the time of my death or over which I have the power of disposition" to the petitioner Feigenholtz, as trustee. In *In re Estate of Breault,* 29 Ill.2d 165, this court held that Oscar's will was not effective to appoint to his own estate the assets in the trust created by his mother's will. While that was the principal issue presented in that case, other issues were also considered.

One of these issues concerned the approval of the first account of the petitioner Feigenholtz, as executor of the estate of Oscar. Among the objections to that account was

an objection "for the failure to account for all the income due from the co-trustees under the will of Kathryn M. Breault to Oscar J. Breault during his lifetime." In its opinion this court stated:

"Oscar was entitled to the income from his mother's trust until the day of his death, and we believe it requires neither extended discussion nor elaborate citation of authority to establish that Oscar's estate had a claim against the trustees for any income undistributed at the time of his death, and was likewise entitled to an accounting from the trustees for the period extending between the date of the third and last trustees' report approved by Oscar in his lifetime and the date of his death. Such a claim was not included in the executor's first account and in looking to such circumstance we are not unmindful that Feigenholtz, in his capacity as administrator to collect, accepted and approved a fourth and final report of the trustees subsequent to Oscar's death. In so doing, however, he exceeded his authority.

" * * * By no stretch of the imagination do we believe the statutory language could be construed as giving Feigenholtz, in his capacity as administrator to collect, the authority to release the claim against the trustees and to approve their account. Furthermore, there is a more compelling reason why the approval was ineffective in this case. Section 108 of the Probate Act (Ill. Rev. Stat. 1961, chap. 3, par. 108) provides that the powers of an administrator to collect shall cease on the issuance of letters testamentary. Here such letters issued on October 15, 1959, and the purported approval as administrator to collect was given on October 21, 1959, six days later. For these reasons the probate court quite properly disapproved the executor's first account, and because of the dual position of trustee and executor occupied by Feigenholtz, quite properly appointed the special administrator.

"In this court, as they did below, the appellees have

bitterly attacked the administration of the Kathryn Breault trust, and have sought to claim an accounting running from the inception of the trust. We agree with the probate court, however, that these matters go beyond the issues of the case and the jurisdiction of the probate court, and that appellees are not without a remedy or a tribunal to pursue such claims should they so desire." 29 Ill.2d at 179-180. Rehearing in this case was denied on November 25, 1963, and the cause was remanded to the probate court of Cook County for further proceedings.

Thereafter, two of the children of Oscar J. Breault, grandchildren of Kathryn M. Breault, filed a petition in the probate division of the circuit court of Cook County praying that the court issue a citation for the appearance of the petitioners in the present case, and that they be required to account for all income of the Kathryn M. Breault testamentary trust due Oscar J. Breault from the inception of the trust and not paid to him during his lifetime, and that the court order them to divulge any and all information and knowledge that they have with respect to the assets of Kathryn M. Breault and Oscar J. Breault necessary to the recovery of property in these proceedings.

This matter was assigned to the respondent by the presiding judge of the probate division. The petitioners' objections on jurisdictional grounds were overruled and summons was issued. The petitioners then filed a special and limited appearance and motion to quash. The motion was denied, and the petitioners were directed to answer. Their answer did not respond to the allegations of the petition, but again challenged the jurisdiction of the court. At this stage of the proceedings the petitioners filed the original petition for *mandamus* or prohibition which is pending before us.

Our former opinion in this case agreed with the probate court that the matters relating to the administration of the Kathryn Breault trust, and the claim for an accounting run-

ning from the inception of that trust, were beyond the issues of the case and the jurisdiction of the probate court. Our opinion also pointed out, however, that "appellees are not without a remedy or a tribunal to pursue such claims should they so desire."

When that opinion was handed down a separate tribunal was necessary because the probate court was then a separate court of limited jurisdiction, established under section 20 of article VI of the constitution of 1870, and had no general equitable jurisdiction. See, *e.g., Roffmann* v. *Roffmann,* 384 Ill. 315, 321-22; *In re Estate of Mortenson,* 248 Ill. 520.

On January 1, 1964, after the cause had been remanded, the new article VI of the constitution became effective. That new judicial article abolished probate courts and all other courts of limited jurisdiction, and transferred matters pending in those courts to a court with "unlimited original jurisdiction of all justiciable matters." (Ill. Const., art. VI, sec. 9; sched. par. 5.) The barriers to the jurisdiction of the probate court that existed when this court's decision was rendered have thus been removed by constitutional amendment.

The petitioners contend, however, that the "holding of this court in 29 Ill.2d 165, 180, that the administration of the Kathryn Breault Trust is beyond the issue of the case is not affected by the integration of the Probate Court into the circuit court, and the subsequent transformation of the probate court into the probate division of the Circuit Court." They assert that "administration of trust estates after probate proceedings have terminated is not probate administration", and that the "affairs of the Kathryn Breault trust and Brolite Company are not probate matters within the probate matter pending in the Probate Division, viz. the probate of the Estate of Oscar J. Breault, Deceased." For these reasons it is argued that the order of the respondent, Judge Corcoran, is void and should be expunged.

These contentions must be rejected. Our decision in 29 Ill.2d 165, stated that "Oscar was entitled to the income from his mother's trust until the day of his death", and that "appellees are not without a remedy or a tribunal" in which to pursue their claim for an accounting from the inception of that trust. The respondent is sitting as a judge of the circuit court, which has jurisdiction of all justiciable matters. While the decision of the appellate court in *In re Estate of Breault,* 63 Ill. App. 2d 246, did not involve the matter now before us, that court took the same view as to the effect of the new Judicial Article upon the jurisdiction of the probate court and pointed out that "Rule 14.2 of the Rules of the Circuit Court of Cook County, effective January 1, 1964, provides: Jurisdiction for any purpose which was not cognizable by the Probate Court prior to January 1, 1964 shall be invoked by the filing of a petition in the proceeding for the administration of the estate and by the issuance of process thereon as in other civil cases, except that jurisdiction as respects claims for personal injury, wrongful death or other tort shall be invoked as provided by Rule 14.16." 63 Ill. App. 2d at 270.

The presiding judge of the probate division assigned this matter to the respondent, and we see nothing improper in that assignment. In any event, the governing rule of this court provides, with respect to designation of divisions, that "[m]isdesignation shall not affect the jurisdiction of the court." 28 Ill.2d xvii, Rule 9.

The original writ of *mandamus* or prohibition is denied.

*Writ denied.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.