ROBERT GREIG, as Adm'r to collect for the Estate of Lois Mildred Wright, Deceased, Plaintiff-Appellee, *v.* DENELL JOHNSON, Defendant-Appellant.

(No. 59476;

First District (1st Division)—August 19, 1974.

Robert H. Hirsch, of Chicago, for appellant.

Daniel A. Costigan, of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court: ·

This action arose on complaint by the plaintiff, the administrator to collect for the estate of his mother, against the defendants, Denell Johnson and Exchange National Bank of Chicago, for funds defendant Johnson received from the decedent and deposited in her own name with the defendant bank. The court without a jury found that no trust was created upon receipt of the funds, but it determined that the estate was the owner of the funds. Defendant Johnson appeals from the decree awarding the funds to the estate.

The plaintiff's mother, Lois Mildred Wright, met defendant Johnson while Mrs. Wright was living at an apartment hotel where defendant Johnson was employed as a maid. As part of her duties defendant Johnson cleaned Mrs. Wright's rooms; after Mrs. Wright became ill, defendant Johnson voluntarily and regularly prepared meals for her. Mrs. Wright had two bank accounts, one at defendant bank and one at another bank. The latter, about $1000, is not in issue. On November 8, 1972, defendant Johnson brought to the defendant bank a letter purportedly in Mrs. Wright's handwriting and Mrs. Wright's passbook for an account containing $14,000. The letter said:

"Dear Sir:
My son is traying [sic] to get my money from you from the Bank. I have saved it there for five years. This little lady is my best friend. Please put the money in her name, so I will know it is safe. I am sick at the Normandy Terrace My freinds [sic] name is Mrs. Denell Johnson Thank you for helping me
Mrs. Lois M. Wright
635 Barry Ave."

The bank closed the account in Mrs. Wright's name and opened a new one at defendant Johnson's request. The new account was in defendant Johnson's name as trustee; the beneficiary of the account was Mrs. Wright. Mrs. Wright died intestate on December 10, 1972.

The plaintiff filed his complaint against defendant Johnson and against the bank which holds the funds in the account, seeking an injunction to prevent withdrawal of the funds in the account and an accounting and payment of the funds to the estate. The complaint alleged that the

funds received by defendant Johnson were the property of the estate and that no gift of the funds was made to defendant Johnson. A temporary restraining order was issued to prevent withdrawal of the funds before a hearing on the merits of the cause. In her answer defendant Johnson admitted that she withdrew the funds from Mrs. Wright's account and deposited them in a new account in her own name. She contended that the funds were hers and raised the affirmative defense that they were a gift from Mrs. Wright. The plaintiff filed his reply and denied that there had been a gift of the funds to defendant Johnson by Mrs. Wright.

At trial the plaintiff presented evidence which established that Mrs. Wright had an account at defendant bank and authorized defendant Johnson in writing to remove the funds in the account and that defendant Johnson removed the funds and put them in an account in her name. The plaintiff also introduced a document dated October 16, 1972, by which Mrs. Wright purportedly directed that the plaintiff be made a joint tenant on her account at defendant bank; a signature card for the joint account, signed by Mrs. Wright and the plaintiff, was also entered in evidence. The plaintiff then rested.

At the conclusion of the plaintiff's case defendant Johnson moved for a directed finding based on the plaintiff's failure to establish the existence of a trust as alleged in his complaint. The court denied the motion and required defendant Johnson to present her evidence. Defendant bank's representative was then recalled to describe the circumstances under which defendant Johnson came to transfer the funds in Mrs. Wright's account to her own. The representative conceded that the telephone numbers written on the letter from Mrs. Wright which defendant Johnson brought to the bank were in his handwriting. He agreed that he might have jotted them down at defendant Johnson's suggestion that he call Mrs. Wright to verify her authority to take the funds. He also testified that defendant Johnson chose the form of the new account and did not indicate that Mrs. Wright had given her any directions for disposing of the money.

At the conclusion of this testimony, defendant Johnson's attorney requested that the court call his client as the court's witness, under section 185 of the Probate Act. (Ill. Rev. Stat. 1973, ch. 3, par. 185.) The court agreed to do so, noting that this case, which began as an action for an injunction and accounting, had "* * * postured itself as one of determining title, rather than discovery of assets." Defendant Johnson's attorney did not object to this characterization of the case. The court then observed that by allowing defendant Johnson to testify as the court's witness, the door would be opened to admitting testimony of other wit-

nesses if relevant to any conduct or conversations between Mrs. Wright and the parties in this case. Because this would allow the plaintiff to put on additional evidence after having rested, defendant Johnson's attorney announced that he would not present his client to testify. Noting his objection for the record, he accepted the court's invitation to conduct the examination of defendant Johnson.

Defendant Johnson testified that Mrs. Wright wished to give her the money in the account at defendant bank so that she could buy a house, that on November 8, 1972, she took to the bank the passbook given her by Mrs. Wright on November 4, 1972, and that the bank representative explained to her that if she put the money in her own name with Mrs. Wright the beneficiary, Mrs. Wright would get the money if defendant Johnson predeceased her.

Next, the plaintiff testified that he visited his mother regularly before she died and that she told him she wished him to own jointly with her the funds in defendant bank so he could pay her expenses. During one visit the plaintiff and his girl friend prepared a document for Mrs. Wright's signature, which document directed that the plaintiff be made a joint tenant of the account at defendant bank. A signature card with the plaintiff's and Mrs. Wright's signatures was executed later, after the prepared document was signed by Mrs. Wright. When the plaintiff tried to locate the passbook, however, he could not find it. He testified he inquired of defendant Johnson whether she knew where the book was; he said she denied knowing its location. At the time he allegedly spoke with her, the money had already been transferred to her name. The plaintiff's girl friend testified to substantially the same facts with respect to the visit to Mrs. Wright.

After the plaintiff's girl friend's testimony, defendant Johnson's attorney renewed his motion for a directed finding, based on the plaintiff's failure to support the allegations of his complaint, as well as on the evidence presented (presumably that tending to show a valid gift to defendant Johnson). The court took the motion with the case. Both parties filed memoranda of law. On May 24, 1973, the court entered an order finding that the issue of an accounting became moot when the defendants were restrained from withdrawing the funds in defendant Johnson's account and that the transfer of funds to defendant Johnson was a purported gift, the validity of which was not proved by defendant Johnson. An appropriate decree was then entered ordering payment of the deposited funds to the plaintiff.

Defendant Johnson raises the following contentions on this appeal: (1) that the plaintiff had the burden of proving the existence of a trust by clear and convincing evidence; (2) that the plaintiff did not fulfill

this burden; (3) that the court erred in denying defendant Johnson's motion for a directed finding at the end of the plaintiff's case; (4) that the court erred in directing defendant Johnson to support her affirmative defense that the bank account was a gift to her; and (5) that defendant Johnson did prove that the account was a gift.

■■ The thrust of the first four contentions is that the proceedings should have ceased when the court determined that the plaintiff's allegation of a trust was not proved. The plaintiff responds that the court had general equity jurisdiction and could determine the ownership of the funds in question. The plaintiff somewhat overstates the extent of the court's jurisdiction. The equitable powers of the court are limited in cases such as this one, in that a plaintiff who alleges the existence of an express trust must prove his claim before the defendant must support the affirmative defense of a gift. *Strilke v. Levy*, 33 Ill.App.2d 91, 178 N.E.2d 694; *Smith v. Baxter*, 239 Ill. App. 453.

The real issue in this appeal is different from that framed by either party. The trial judge treated the cause as a citation proceeding (Ill. Rev. Stat. 1973, ch. 3, par. 183, *et seq.*) after defendant Johnson's attorney had interrogated the bank representative, at which time the court announced his intention to determine title to the funds in question. If this change in the form of the proceeding does not constitute reversible error, defendant Johnson's first four contentions are without merit.

Defendant Johnson's attorney did not object to the trial judge's first characterization of the proceeding as one to determine the title of known property. Indeed, he requested the trial judge to call his client as the court's witness under section 185 of article XV, entitled "Citation to Recover Property and Discover Information," within the Illinois provisions for Administration of Estates. That section provides:

> "§ 185. Power of Court. At the hearing the court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title, and the right of property, and may enter such orders and judgment as the case requires. If the respondent refuses to answer proper questions put to him or refuses to obey the court's order or judgment to deliver any personal property or, if converted, its proceeds or value, or books of account, papers, or evidences of debt or title to lands, the court may commit him to jail until he complies with the order or judgment of the court or is discharged by due course of law or the court may enforce its order or judgment by execution against the respondent's real and

personal property. The court may tax the costs of the proceeding against the respondent and enter judgment therefor against him." (Ill. Rev. Stat. 1973, ch. 3, par. 185.)

Finally, during cross-examination of the plaintiff, the court asked defendant Johnson's attorney: "Are you objecting to my determining title here?" The attorney answered: "No objection."

■■ The conduct described in the preceding paragraph clearly reveals defendant Johnson's awareness of and consent to the determination of title to the bank account under the provisions for citation proceedings. Those provisions, as indicated above, give the court the power to determine ownership of known property, regardless of whether the plaintiff has proved the allegations of his complaint. (Ill. Rev. Stat. 1973, ch. 3, par. 185.) Thus, defendant Johnson's attorney's objections to the introduction of the issue of a gift were properly overruled by the court. The determination of title in a citation proceeding may involve and here had to involve the issue of a gift. "In citation proceedings the burden of proof is generally upon the petitioner, but the burden shifts to the respondent when his possession of the decedent's property is claimed as a gift." (*In re Estate of Vercillo*, 27 Ill.App.2d 151, 158, 169 N.E.2d 364, 367.) Defendant Johnson admitted receipt of the funds from Mrs. Wright and claimed possession by gift.

■■ The parties could not, of course, confer jurisdiction on the court simply by their conduct; the statutory requirements of pleading in citation proceedings were necessary to invoke jurisdiction. (*In re Estate of Baxter*, 9 Ill.App.3d. 92, 291 N.E.2d 851; *Radice v. Antonacci*, 87 Ill.App. 2d 139, 231 N.E.2d 107.) The complaint in this case is headed "Complaint for Injunction and Accounting" but makes no mention of a citation. It alleges that defendant Johnson received property from the decedent, Mrs. Wright, and that the property was not received as a gift. The prayer for relief requests return of the property. The necessary allegations which invoke the court's jurisdiction to order the return of the property are thus included.

Defendant Johnson was made aware of the fact that the plaintiff was claiming property she had received from the decedent. The theory of recovery, that of a trust, was also made known to the defendant. Defendant Johnson's objections at the time of the conversion of the proceeding to a citation proceeding were based on the plaintiff's failure to prove his claim on the announced theory. If there had been no change in the form of the proceeding, these objections would have had some validity. The conversion to a citation proceeding, however, made the determination of title the paramount issue, regardless of any announced

theory of recovery. As has been shown, defendant Johnson's attorney's conduct and statements indicated his awareness of the change in the form of the proceeding. His objections aimed at the plaintiff's failure to do what did not have to be done in a citation proceeding are therefore immaterial to this appeal. In point of fact, the attorney initially requested that his client be called by the court to testify so that the truth would surface. The trial judge expressed this same aim and decided in favor of the estate.

■ The court announced at the close of the plaintiff's case that the original issues of the plaintiff's complaint had become moot, since the temporary restraining order froze the funds and that an accounting was unnecessary in view of defendant Johnson's admission of possession of the funds in controversy. Although this was not a correct statement in light of the plaintiff's request for a permanent injunction, we find no reversible error in the lower court's direction that defendant Johnson proceed to prove her claim of a gift. Reversal is not required if evidence is admitted for the wrong reason, as long as there is a reason justifying its admission. (*In re Estate of La Rue*, 53 Ill.App.2d 467, 203 N.E.2d 47.) Our holding that the proceeding was properly one to determine ownership of the fund justifies the admission of evidence as to a gift.

Even if we had not found a consensual change in the form of the proceeding, we would not be inclined to reverse the judgment unless defendant Johnson demonstrated that she was prejudiced by the change (*Ziegler v. Smith*, 86 Ill.App 2d 215, 229 N.E.2d 340), especially where the result on remand would likely be the same. (*In re Estate of La Rue*, 53 Ill.App.2d 467, 203 N.E.2d 47.) Defendant Johnson's attorney conceded in open court that if we remanded this cause, he would not present additional evidence as to the gift. On that basis and the court's giving defendant Johnson every opportunity to establish a valid gift, we find no prejudice to her. And, having found the court's conduct of a citation proceeding proper, we conclude that defendant Johnson's first four contentions are without merit.

■■ The final argument raised by defendant Johnson is that her proof that a gift was given was sufficient to establish her rights in the property. The proof of a gift must be clear and convincing. (*In re Estate of Mc-Vicker*, 39 Ill.App.2d 389, 188 N.E.2d 731.) We will not disturb the lower court's finding that a gift was not made unless such finding is clearly against the manifest weight of the evidence. (*Chapman v. Huttenlocher*, 125 Ill.App.2d 39, 259 N.E.2d 836.) The trial court heard defendant Johnson's testimony that a gift was intended and saw the letter which authorized transfer of the funds to defendant Johnson. The letter does not of itself show that donative intent necessary to establish a valid

gift. Coupled with defendant Johnson's testimony, it was but a factor to consider. We cannot say on the record in this case that the trial court erred in finding that there was no valid gift.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.