In *re* ESTATE OF CARL H. TARR, Deceased.—(MARCIE L. JACOBS *et al.*, Claimants-Appellants, *v.* CARL E. TARR, Ex'r of the Estate of Carl H. Tarr, Deceased, Executor-Appellee.)

Fourth District   No. 13063

Opinion filed May 6, 1976.

916

Terry O. Helmich, of Springfield (Presney, Casper, Helmich & Feurer, of counsel), for appellants.

Harvey B. Stephens, of Brown, Hay & Stephens, of Springfield, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Carl H. Tarr died testate on September 1, 1970, leaving his substantial real estate holdings to his son, Carl E. Tarr, for life, and the remainder to Carl E. Tarr's children. Carl H. Tarr's other children, Gerald W. Tarr and Marcie L. Jacobs, were each given $5000 under the will. Carl E. Tarr was named executor of the estate.

Carl H. Tarr had been preceded in death by his wife, Lyda A. Tarr, who died intestate on September 5, 1965. Gerald Tarr and Marcie Jacobs filed a claim in their father's estate, demanding $350,000 plus an additional amount to be determined. The claim was based upon an alleged constructive or resulting trust which they allege should have been imposed upon the property passing into Carl H. Tarr's hands at the time of Lyda Tarr's death.

The trial court struck the petitioners' claim without a hearing on the merits, ruling that the substantive statutory law involving the filing of claims requires a claim to arise from an express trust or a trust created by statute before it is cognizable in an estate action. We disagree.

■■ Prior to the Judicial Article of 1964, probate courts had limited jurisdiction. (See Ill. Const. 1870, art. VI, §20.) The judicial article, however, abolished probate courts, removing the restrictions on the jurisdiction of courts sitting in probate proceedings. (See *People ex rel. Dahm v. Corcoran*, 39 Ill. 2d 233, 234 N.E.2d 794.) In order to implement the integration of jurisdiction under the judicial article, the Probate Act (Ill. Rev. Stat. 1973, ch. 3, pars. 1—346) was amended in 1964. Section 192 (Ill. Rev. Stat. 1973, ch. 3, par. 192) was revised to provide that a claim against a decedent's estate, "whether based on contract, tort, or otherwise may be filed in the proceeding for the administration of the estate." Section 2(j) (Ill. Rev. Stat. 1973, ch. 3, par. 2(j) was added, defining "claim" as "any cause of action." Section 202 (Ill. Rev. Stat. 1973, ch. 3, par. 202) was amended with respect to seventh class claims by substituting the language "All other claims" for "All other debts and demands." We conclude that a claim based upon an alleged constructive or resulting trust is within the jurisdiction of a court conducting a probate proceeding, cognizable as a seventh class claim. See *Radice v. Antonacci*, 87 Ill. App. 2d 139, 231 N.E.2d 107; 2 James, Illinois Probate Law and Practice §43.99, at 77 (1975 Supp.); 4 James, Illinois Probate Law and Practice §192.2, at 119 (1975 Supp.); 6 James, Illinois Probate Law and Practice §967, at 165 (1975 Supp.).

■■ It is clear from this record that the circuit court allowed the motion to strike the claim or complaint solely upon the basis that such an asserted claim was not cognizable in probate. Other asserted grounds for striking the claim were not reached by the trial court, and, indeed, in view of the dispositive nature of the issue, it was not necessary that such issues be reached by that court. The motion to strike does raise other grounds and presents other issues for resolution, some of which involve ascertainment of factual matters more appropriately to be considered in the trial court. Accordingly, the judgment of the circuit court of Sangamon County striking the claim as not cognizable in probate is reversed and this cause is remanded to that court for further proceedings.

Reversed and remanded with directions.

SIMKINS and GREEN, JJ., concur.