*In re* ESTATE OF JULIUS P. CHERNYK, Deceased. (Esther Cherynk, Petitioner-Appellant, v. Morton John Barnard, Indiv. and as Ex'r of the Will of George Hugh Barnard, *et al.*, Respondents-Appellees).

First District (4th Division)   No. 84—2051

Opinion filed November 7, 1985.

William J. Harte, Ltd., of Chicago, for appellant.

Morton John Barnard, of Foss, Schuman, Drake & Barnard, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

J. P. Chernyk, spouse of the plaintiff, Esther Chernyk died on March 25, 1982. His will was admitted to probate on March 31, 1982. The will devised and bequeathed all of the decedent's property to the defendants, George Hugh Barnard and Morton John Barnard, as trustees under a revocable *inter vivos* trust agreement dated September 17, 1981 and appointed them executors of the decedent's estate. The remaining defendants are beneficiaries under the trust agreement.

Section 13—223 of the Code of Civil Procedure requires that an action to set aside or contest the validity of a revocable *inter vivos* trust agreement to which a legacy is provided by the settlor's will must be commenced, as provided in the Probate Act of 1975, within six months after the admission of the will to probate. (Ill. Rev. Stat. 1983, ch. 110, par. 13—223; Ill. Rev. Stat. 1983, ch. 110½, par. 8—1(a).) The question in this appeal is whether an action to contest the validity of the trust agreement was filed within six months.

Esther filed a petition for citation to discover estate assets under section 16—1(a)(2) of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 16—1(a)(2)) on August 5, 1982, within six months of the admission of the decedent's will to probate. In her petition, Esther sought to discover information and to compel the production of books, documents, papers and records which may lead to the discovery of estate assets from the defendants who drew up the instrument that was "purportedly" executed by the decedent on or about September 17, 1981, which "purport[ed]" to create a trust and from the defendant, trustees and beneficiaries of the "purported" trust.

A discovery citation hearing was held on December 14, 1983, at which the defendants appeared and were examined. At the conclusion of the proceeding, Esther was given leave to amend her citation to discover to a citation to recover estate assets under section 16—1(a)(1) of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 16—1(a)(1)). Over twenty-two months later, on January 11, 1984, Esther

filed her amended petition for citation to recover assets against the defendants seeking the production of all personal property, books of account, papers or evidence of debt or title to lands which constitute all the property in the "purported" trust agreement and, most significantly, to set aside the instrument dated September 17, 1981, "purporting" to be the trust agreement of the decedent. The defendants then filed a motion to dismiss Esther's amended petition on the basis that the recovery citation was an action to set aside an *inter vivos* trust agreement and therefore was time-barred under section 13–223. The motion also contended that the dismissal of those counts of a complaint filed in the chancery court by Esther, six months after the admission of the will to probate but prior to the filing of the amended petition, seeking to set aside the trust agreement, was *res judicata* as to the amended petition. The trial court dismissed Esther's amended petition with prejudice. This appeal is from the entry of that order.

· On appeal, Esther raises three issues upon which she asserts that the trial court erred in dismissing her amended petition. However, we believe that the dispositive issue on appeal is whether the amended petition for citation to recover estate assets, filed more than six months after the admission of the will to probate, may for limitation purposes, be deemed to relate back to the time of the filing of the original petition for citation to discover estate assets, timely filed within six months of the admission of the will to probate.

■■■ Section 2–616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2–616(b)) provides that an amended complaint relates back to the time of the filing of the initial complaint if the initial complaint was timely filed and "if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." Under this section, the statute of limitations is not a bar to subsequent amendments even though a new or different cause of action is asserted, so long as the original and amended pleadings arise out of the same transaction or occurrence. (*Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 602, 410 N.E.2d 984.) The circumstances under which an amended complaint may be deemed to relate back to the date of the filing of the initial complaint depends upon whether the original complaint provides the defendant with all of the information necessary to prepare his/her defense to the claim subsequently asserted in the amended complaint. (*Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 27, 475 N.E.2d 260.) The requirement that the amended complaint grows out of the same transaction or occurrence asserted in the original complaint is based "on the ra-

tionale that the defendant has not been prejudiced so long as his attention has been directed to the facts which form the basis of the claim within the prescribed time." (*Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 27, 475 N.E.2d 260, quoting *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 246-47, 289 N.E.2d 481.) By the same token, amendments to pleadings are to be liberally allowed to enable a party to fully present his/her case. *Cvengros v. Liquid Carbonic Corp.* (1981), 99 Ill. App. 3d 376, 379, 425 N.E.2d 1050.

■ The citation procedures outlined in section 16—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 16—1) represent a simple, comprehensive and summary method of discovering and recovering estate assets found to be in the possession and control of others. (*In re Estate of Garrett* (1967), 81 Ill. App. 2d 141, 149, 224 N.E.2d 654.) As these procedures are summary and informal in nature, the courts are liberal in the procedures they permit to be followed under these sections. *In re Estate of Garrett* (1967), 81 Ill. App. 2d 141, 147, 224 N.E.2d 654.

■ Considering the informality of citation procedures and the liberality in which pleadings in general are allowed, we believe that the amended petition in the present case relates back to the timely filing of the original petition. The original petition sought to discover information which may lead to the recovery of estate assets from those defendants who "purportedly" executed the "purported" trust agreement and from the defendant, trustees and beneficiaries of the "purported" trust. Thus, discovery was sought from the drafters of the "purported" trust as well as from its beneficiaries and trustees. Therefore, the original citation petition sought discovery of information stemming from the drafting of the trust agreement. Consequently, both the original and amended petitions revolve around the execution of the trust agreement. Although the original petition is a citation to discover estate assets, we believe that the original petition sufficiently calls into question the validity of the trust agreement so as to afford the defendants adequate opportunity to investigate the factors upon which their liability may be based without being prejudiced by the filing of the amended petition. Additionally, the fact that leave to amend the original petition was asked for immediately following the citation proceeding further indicates that Esther was diligent in presenting her challenge of the trust and was not attempting to circumvent the statute of limitations. Accordingly, we find that the amended petition relates back to the time of the filing of the original petition and that the amended petition was therefore not time-barred by the limitation provision of section 13—223.

The cases cited by the defendants do not require a different result. (*In re Estate of Denler* (1980), 80 Ill. App. 3d 1080, 400 N.E.2d 641; *Schlieper v. Rust* (1977), 46 Ill. App. 3d 319, 360 N.E.2d 1192; *In re Conservatorship of Baker* (1967), 79 Ill. App. 2d 234, 223 N.E.2d 744; *In re Estate of Curley* (1963), 43 Ill. App. 2d 389, 193 N.E.2d 607.) Rather, the decisions the defendants rely upon highlight the fact that there are two types of citation proceedings under section 16—1, one in the nature of discovery, which formed the basis of the original petition in the instant case, and the other an adversarial proceeding in which the title and right to personal property is contested, Esther's amended petition. These cases stand for the proposition that in order to recover estate assets, the petition must be sufficient to state a cause of action upon which the trial court can determine the right and title to personal property. That is what Esther did in the instant case. Where, as here, Esther obtained information that the property of the decedent was in the possession and control of others, she filed an amended petition to set aside the trust agreement in order to recover such property. However, these decisions do not address the issue in the instant case of whether the amendment to the original petition could relate back in order to avoid the statute of limitations bar. We have concluded in the present case that as the original petition sufficiently notified the defendants of Esther's subsequent attack on the trust agreement, the amended petition relates back to the timely filed original petition.

Esther also raises the alternative argument that regardless of whether the amended petition was time-barred, the defendants are equitably estopped from raising section 13—223 as a defense. Finally, she argues that the dismissal of those counts of her chancery court action in which she sought to set aside the trust agreement was not *res judicata* as to the amended petition. As we have determined that the dismissal of Esther's amended petition for citation to recover estate assets was erroneous, we need not discuss further these additional issues.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is reversed.

Reversed.

JOHNSON and LINN, JJ., concur.