*In re* ESTATE OF WILLIAM E. RAAB, SR., Deceased—(WILLIAM E. RAAB, JR., Petitioner-Appellant, *v.* HALLIE KOHLER RAAB, Respondent-Appellee.)

(No. 11287;

Fourth District—April 16, 1971.

Fleming, Messman & Lapan, of Bloomington, (Robert D. Lapan, of counsel,) for appellant.

Thomson, Thomson & Mirza, of Bloomington, (Loren Thomson, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

William E. Raab, Jr. filed a petition pursuant to sec. 183 of ch. 3, Ill. Rev. Stat. 1967, setting forth that William E. Raab, Sr., died testate on March 29, 1968, and that his last will was admitted to probate on May 6, 1969. This will was executed February 8, 1967. Under the terms of the will all of the testator's United States Government bonds and all of his "stock" in the "Citizens Savings Loan and Building Association of Normal, Illinois" were bequeathed to the petitioner. The petitioner further asserted that he had requested, but had not received, information

as to the present whereabouts of said stock and bonds from the executor, the respondent herein.

The petition further set forth paragraph 8 of the last will, by the terms of which the respondent was given 31 shares of stock of the First National Bank of Normal and the petitioner was given 31 shares of the stock. This paragraph of the will concluded with the phrase, "it being my intent that of my sixty-two (62) shares of said stock, one-half shall go to my wife and one-half to my son." At the date of his death the testator was the owner of 186 shares of stock, a stock dividend by the bank having occurred on March 1, 1965, and the testator had been issued two additional shares for each share owned by him on that date. The petition sought the issuance of a citation to the respondent to give evidence as to the present whereabouts and other related matters in respect to the Government bonds and the building and loan "stock". As to the bank stock, the petition sought a determination of the right, title and interest in said stock as to the respondent and to the petitioner.

The will of the testator, by its residuary clause, gave all the rest of the testator's property to his wife, the respondent.

After hearing evidence, the circuit court concluded that the petition sought discovery only as to the Government bonds and the building and loan deposit, and entered an order by the terms of which the respondent was discharged as to the discovery portion of the proceeding. As to the bank stock, the court held that distribution should be made of 31 shares to the petitioner, 31 shares to the respondent and the balance, subject to claims and expenses of administration, should be distributed by the terms of the residuary clause of the will. This appeal is from the order thus entered.

It is the contention of the appellant here that the trial court was in error in its determination of distribution of the bank stock and that the trial court committed error in failing to specifically rule on the ownership of a certificate of deposit at Citizens Savings and Loan Association.

■■ The evidence in this case is to the effect that the decedent left no United States Government bonds. Certain bonds that he had owned at one time were no longer in existence, it being the uncontradicted testimony that the decedent had used the proceeds of such bonds during his lifetime. As to the building and loan account, the evidence is to the effect that an account or, more accurately, a certificate of deposit in the named building and loan association originally existed in the name of the decedent and the petitioner as joint tenants. That account had been changed to a joint tenancy account or certificate of deposit in joint tenancy with the respondent. This change was effected in November of 1967, pursuant to written instructions of the decedent to the savings and loan

institution. It is true that at one point a witness, an employee of the association who was acquainted with the decedent and worked with him when the decedent was president of the association, indicated that the signature on the letter of instructions was the signature of the decedent. However, on cross-examination, he indicated an inability to say with certainty that it was the decedent's signature. Our review of the entire testimony leads us to the conclusion that the expressed doubt, if any there was, was more semantical than real. Thus, as to the Government bonds and the building and loan account, the discovery sought by the petition was obtained and the action of the trial court in discharging the respondent was in accord with the evidence and in accord with the relief sought by the pleadings. *In re Baker* (4th Dist. 1967), 79 Ill.App.2d 234, 223 N.E.2d 744.

Turning now to the issue presented with reference to the bank stock, the evidence is to the effect that in March of 1965, the bank declared a stock dividend of two shares for each one share outstanding. On March 6, 1965, the decedent handed the respondent an envelope saying, in substance, "Here, this is yours, take care of it." She opened the envelope and it contained a stock certificate for 124 shares of the bank stock, being the stock dividend. She put the stock certificate in her individual bank lock box. The certificate was not reissued in the name of the respondent. The decedent had executed a will in 1964 and in 1965. The evidence is uncontroverted that these wills were revoked. The 1967 will contained the usual clause revoking all former wills, and the evidence is further to the effect that the testator destroyed the 1964 and 1965 wills. Such wills are totally irrelevant to the issue here presented.

■■ The trial court held, and we agree, that the case of *Knight v. Bardwell* (1965), 32 Ill.2d 172, 205 N.E.2d 249, is determinative of the issue here presented. In *Knight* a stock split occurred prior to the execution of a will. Such is the fact here. In *Knight* the testator executed a will and provided for legacies of lesser amounts of stock than the shares existing and owned by him at the time of the execution of the will and subsequent to the stock split. Such is the case here. The Supreme Court observed:

"But because awareness followed by inaction does not dispel uncertainty, it does not follow that action based upon awareness is to be disregarded. Here the testatrix acted, and the action that she took negates uncertainty. We see no basis in this record upon which a court would be justified in rewriting the bequest of 150 shares to each of the plaintiffs so that it would read, 300 shares to each of the plaintiffs." *Knight v. Bardwell*, 32 Ill.2d 172, 176 205 N.E.2d 249, 251.

Such is the case here. There is no evidence in this record which would

284

justify the trial court or this court in rewriting the will to accomplish something the testator did not accomplish when he knew of the nature and extent of his bank-stock holdings. The judgment of the Circuit Court of McLean County is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.