*In re* ESTATE OF VIOLA ARMSTRONG, Deceased—(WARREN PETERS, EXr. of the Estate of Viola Armstrong, Deceased, Petitioner-Appellee, *v.* MINNIE MESTINSEK *et al.,* Objectors-Appellants.)

(No. 11921; ▮▮▮▮▮▮▮▮

Fourth District—August 1, 1973.

Herrick, Rudasill & Moss, of Clinton, (Ray Moss, of counsel,) for appellants.

Warren Peters *pro se.*

Mr. JUSTICE SMITH delivered the opinion of the court:

Legatees under the Will of Viola Armstrong filed objections to the imposition of inheritance tax on 20 shares of AT&T stock and objections to the final report of the executor which awarded them only 20 shares of AT&T stock. Their attack upon both orders of the circuit court of Logan County is that they should have received 120 shares of said stock and should have been taxed for them. This assertion is based upon their contention, opposed by the executor, that it was clearly the intention of the testator that they should have additional stock resulting from a stock split of 40 shares and a second stock split of 60 shares.

Their objections to the tax assessment and to the final report were properly overruled.

The chronology of events is as follows. In 1956, the decedent purchased 20 shares of AT&T stock, evidenced by Certificate No. 013372.

In 1958, she executed her Will in which she gave the above-numbered Certificate to A for life with remainder to John Mestinsek and Wilma Mestinsek, his wife. In 1959, a stock split resulted and the testatrix received an additional 40 shares represented by a new stock certificate. In 1964, there was another stock split whereby the testatrix received an additional 60 shares of stock evidenced by a third stock certificate. In 1965, the testatrix purchased an additional 50 shares evidenced by a fourth certificate. The objectors here claim no interest in this last 50 shares, but only in the shares which the testatrix received through stock splits of the original 20 shares. In 1970, the testatrix revoked the provision for the objectors here and in lieu thereof repeated the same proviso, word for word, except she substituted "Erma," a sister of John for Wilma and following a semi-colon added, "And I give and bequeath the sum of $200 to Wilma Mestinsek and John Mestinsek, jointly, or to the survivor."

It is the objectors' theory that the stock splits having had their birth in the original certificate for 20 shares are part and parcel of a fractional ownership of the corporation which was unchanged by the stock splits and that therefore the objectors are entitled to the additional 100 shares. The law recognizes a situation of this character and in those instances where the split occurred after the Will is executed, but before the death of the testator and nothing is done by the testator, generally the legatee of the shares bequeathed in the Will receives the additional shares acquired as a result of the stock split. *Allan v. National Bank of Austin*, 19 Ill.App.2d 149, 153 N.E.2d 260.

In our judgment, *Knight v. Bardwell*, 32 Ill.2d 172, 205 N.E.2d 249, followed by this court in *In re Estate of Raab*, 132 Ill.App.2d 281, 268 N.E.2d 909, controls our disposition of this case. Both cases hold in essence that when a stock split occurs prior to the execution of the Will, the Will provision controls and the legatees take the number of shares specified and not additional shares derived from a stock split. This is predicated on the proposition that the law assumes that when a testator executes a codicil he reexamines his entire Will and makes whatever changes are necessary, so that the Will and codicil together express his intent as of the date of the execution of the codicil. In the case at bar, the only change in the two provisions was the substitution of "Erma", a sister of John, instead of "Wilma", the wife of John, and adding the $200 gift to Wilma and John. There is no ambiguity in the codicil and as we view the plain language of the codicil, none can be created by argument or otherwise. The same certificate number is used, the same 20 shares are used and there is simply nothing that indicates a different intention as to quantity of shares as of the date of the codicil different

from the date of the original Will. As noted in the opinions above cited, if the testator had any other intentions, it is not disclosed by any fact in this record nor any language in the codicil itself nor does speculative argument of the reasons for the change alter plain language.

Accordingly, the order of the trial court overruling objections to the inheritance tax return and to the executor's final report is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.